FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AUG 2 1 2012

PER _____
DEPUTY CLERK

DARRELL WILSON,

    Plaintiff,

v.

JOHN KERESTES, et al.,

    Defendants.

Civil Action No. 3:12-CV-0884

(Judge Kosik)

## ORDER

AND NOW, this 21st day of August, 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Darrell Wilson, an inmate at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy"), filed a *pro se* Complaint alleging a civil rights action pursuant to 42 U.S.C. §1983 on May 11, 2012.  (Doc. 1).

(2) In his Complaint, Plaintiff names numerous defendants and raises many unrelated claims.  (Doc. 1).

(3) Plaintiff also filed two Motions for Leave to Proceed *in forma pauperis*.  (Doc. 2, 5).

(4) The matter was assigned to Magistrate Judge Thomas M. Blewitt;

(5) On June 12, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") wherein he recommended that the action be dismissed with prejudice.  (Doc. 9).

(6) Specifically, the Magistrate Judge found that the Complaint was in violation of Rule 20 of the Federal Rules of Civil Procedure, that Plaintiff's claims for money damages, both compensatory and punitive, against Defendant Kerestes in his official capacity be dismissed with prejudice, that the Plaintiff's constitutional claims against all Defendant be dismissed with prejudice since they are time barred, and that the Plaintiff's *in forma pauperis* Motions be granted solely for the purpose of filing this case.

(7) On June 28, 2012, Plaintiff filed a Motion for Extension of Time to File Objections

to the Report and Recommendation. (Doc. 11).

(8) On July 3, 2012, Plaintiff's Motion for Extension of Time was granted and he was given until August 1, 2012 to file objections. (Doc. 12).

(9) No objections to the Report and Recommendation have been filed.

AND, IT FURTHER APPEARING THAT:

(10) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

(11) We have reviewed the Magistrate Judge's Report and we agree with the recommendation.

(12) The Complaint in this case contained numerous unrelated allegations and Defendants in violation of Rule 20 of the Federal Rules of Civil Procedure. (Doc. 1). In Plaintiff's previous case, *Wilson v. Kerestes, et al.*, M.D. Pa. Civil No. 3:10-CV-1174, this defect was also found in a Complaint and an Amended Complaint filed by Plaintiff. That case was dismissed without prejudice and Plaintiff was told to file a new, corrected Complaint.[1]

---

[1] We note that Plaintiff filed a previous §1983 civil rights action with this Court. *See Wilson v. Kerestes, et al.*, M.D. Pa. Civil No. 3:10-CV-1174. Plaintiff's Complaint in that case also contained numerous unrelated claims with respect to eighteen (18) named Defendants, covering eleven (11) months during 2009. We found that Plaintiff impermissively attempted to join all of the Defendants and the numerous claims against them in one action, in violation of Rule 20 of the Federal Rules of Civil Procedure. Plaintiff was then directed to file an Amended Complaint, which he did on August 20, 2010. This Amended Complaint was screened by the Magistrate Judge under the PLRA. The Magistrate Judge found that Plaintiff's Amended Complaint was still in violation of Rule 20 and in violation of a detailed Order issued on June 11, 2010 that directed Plaintiff to file an amended complaint that contained only the claims and Defendants that were related to and involved in the same transactions or occurrences and that had a common legal and factual basis as required by Rule 20(a), namely, Plaintiff's First Amendment retaliation claims specified in Count 1 of his original Complaint. The Magistrate Judge also found that Plaintiff's claims regarding his Fourteenth Amendment due process rights with respect to disciplinary hearings were barred by *Heck v. Humphrey*, 510 U.S. 447 (1994) because any claim would "impugn the validity of his disciplinary convictions and his disciplinary confinement in the RHU he received as sanctions after his convictions on the misconduct charges..." (10-1174, Doc. 21, fn. 2). We adopted this Report and Recommendation of the Magistrate Judge and dismissed the case without prejudice. Plaintiff failed to timely file any new cases with respect to his numerous claims raised in his original case. Rather, one and a half years

Instead of filing a new, corrected Complaint in a timely manner, Plaintiff filed this instant action, a year and a half after our Order, that contains the same numerous unrelated allegations found in the earlier Complaint and Amended Complaint from the case at 10-1174.

(13) Plaintiff states that all Defendants are being sued in their individual capacities, except for Defendant Kerestes, who is also being sued in his official capacity. (Doc. 1, p. 3). As relief, Plaintiff requests injunctive relief and compensatory and punitive damages. (*Id.* at 21-22). To the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state action Defendants in their individual or personal capacities. See *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa. 2007); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, Plaintiff's claims for compensatory and punitive damages against Defendant Kerestes in his official capacity must be dismissed.

(14) All of Plaintiff's claims took place between January 16, 2009 and April 5, 2010. (*See* Doc. 1). It is well established that "[s]ections 1981, 1983, and 1985 borrow from the forum state's statute of limitations for personal injury claims." *Rodriquez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 96 (3d Cir. 2004) *quoting Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62(1987); *see also Wilson v. Garcia*, 471 U.S. 261, 277-280 (1985); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). In Pennsylvania, the statute of limitations applicable to personal injury actions is two (2) years. 42 Pa.C.S.A. § 5524(7). As such, the applicable statute of limitations for any claim Plaintiff attempts to state under § 1983 is two (2) years. "Moreover, Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing 'when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another

---

after we dismissed Plaintiff's 10-1174 case, Plaintiff filed this new case, 12-0884, still alleging multiple unrelated claims against numerous Defendants. After reviewing the original Complaint and the Amended Complaint at 10-1174 and comparing it with the current Complaint at 12-0884, it is obvious that Plaintiff is alleging the same multiple unrelated claims, despite our prior Orders in the previous case.

party's misconduct." *Cesspooch v. Williamson,* 2008 U.S. Dist. LEXIS 94677 (M.D. Pa. 2008) (internal citations omitted). In carefully reviewing the Complaint, it is clear that the conduct giving rise to the claims set forth against the Defendants is barred by the applicable statute of limitations since he did not file this Complaint until May 11, 2012.[2]

(15) Plaintiff's claims that Defendants deterred and delayed the preparation and filing of his current Complaint is not persuasive. We find no merit to this contention due to the similarities between Plaintiff's claims in his Complaint and Amended Complaint at 10-1174 and his current Complaint.

(16) Statute of limitations may be tolled for equitable reasons if the Plaintiff has shown (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Holland v. Florida,* – U.S. –, 130 S. Ct. 2549, 2562-2563 (2010). Plaintiff has failed to show that he has been pursuing his rights diligently. This is evident considering Plaintiff previously raised the same claims in his 10-1174 case and was permitted to re-file them, in a timely manner, in new cases, but Plaintiff failed to timely do so. Plaintiff has also failed to show that some extraordinary circumstance stood in his way.

(17) Since Plaintiff has been given multiple chances to fix the errors in his Complaint and because the claims are now time barred, we will adopt the R&R and dismiss Plaintiff's Complaint with prejudice.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated June 12, 2012 (Doc. 9) is ADOPTED;

(2) Plaintiff's motions to proceed *in forma pauperis* (Doc. 2, 5) will be GRANTED solely for the purpose of filing this case;

---

[2] As the R&R states, "[i]n screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since it is clear that he did not timely file his constitutional claims. *See McPherson v. U.S.,* 2010 WL 3446879, *3-4 (3d Cir. 2010); *Robinson v. Varano,* Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order); *Jones v. Lorady,* Civil No. 11-0666, M.D. Pa. (June 17, 2011 Order)." (Doc. 9, p. 17).

(3) The above-captioned action is DISMISSED WITH PREJUDICE; and

(4) The Clerk of Court is directed to CLOSE this case and to FORWARD a copy of this Order to the Magistrate Judge.

                                                    Edwin M. Kosik
                                                    United States District Judge